# Exhibit A

215593

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

JOSE G. MUNOZ

Plaintiff(s)

- against -

CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., ET AL

Defendant(s)

Index # 810211/2025E
Docket Number: 1334240

Notice Pursuant
to Section 253
of the Vehicle
& Traffic Law
of the State of New York

Please take notice that a copy of the within summons and complaint along with the statutory fee of $10 was served upon the Secretary of State of New York pursuant to Section 253 of the Vehicle and Traffic Law on June 2, 2025 at THE OFFICE OF THE SECRETARY OF STATE 99 WASHINGTON AVENUE ALBANY, NY 12231.

Dated June 2, 2025

New York, New York

YAKOV MUSHIYEV & ASSOCIATES, P.C.
ONE CROSS ISLAND PLAZA, SUITE 325
ROSEDALE, NY 11422
Tel: 718-775-3110

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

JOSE G. MUNOZ,

Plaintiff,

-against-

CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., and NOEL ARMANDO MENA,

Defendants.

---

Index No.: 810211/2025E
Date of Purchase: 5/08/25

**SUMMONS**

Plaintiff designates BRONX County as the venue for trial.

*The basis for venue is Place of Occurrence.*

Incident occurred at or near:
Major Deegan Expressway at intersecting E. 157th Street, Bronx, New York.

**TO THE ABOVE-NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** to answer this complaint and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Rosedale, New York
May 5, 2025

YAKOV MUSHIYEV & ASSOCIATES, P.C.

YAKOV MUSHIYEV, ESQ.
One Cross Island Plaza – Suite 325
Rosedale, New York 11422
718.775.3110
Our File No.: YM-25-009

*Attorneys for Plaintiff*

**DEFENDANT'S ADDRESS**:
*Via Secretary of State*
CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.
633 E. 138th Street
Dolton, IL 60419

*Via Secretary of State*
NOEL ARMANDO MENA
687 W. 3rd Street, 2nd Floor
Plainfield, New Jersey 07060

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

JOSE G. MUNOZ,

Plaintiff,

-against-

CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., and NOEL ARMANDO MENA,

Defendants.

---

Index No.: 810211/2025E

**VERIFIED COMPLAINT**

Plaintiff, JOSE G. MUNOZ, by his attorneys, YAKOV MUSHIYEV & ASSOCIATES, P.C., complaining of Defendants herein, alleges as follows:

1. That on January 17, 2025, and upon information and belief, Plaintiff, JOSE G. MUNOZ, was, and still is, a resident of the County of Westchester, State of New York.

2. That on January 17, 2025, and upon information and belief, Defendant, CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., was, and still is, a business corporation with its principal place of business in the County of Plymouth, State of Massachusetts.

3. That on January 17, 2025, and upon information and belief, Defendant, CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., was, and still is, a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

4. That on January 17, 2025, and upon information and belief, Defendant, CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., was, and still is, a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

5. That on January 17, 2025, and upon information and belief, Defendant, CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., was, and still is, doing business in the State of New York.

6. That on January 17, 2025, and upon information and belief, Defendant, NOEL ARMANDO MENA, was, and still is, a resident of the County of Union, State of New Jersey

7. That on January 17, 2025, and upon information and belief, Defendant, CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., owned a MACK TRUCK vehicle bearing Illinois license plate P1122874.

8. That on January 17, 2025, and upon information and belief, Defendant, CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., maintained a MACK TRUCK vehicle bearing Illinois license plate P1122874.

9. That on January 17, 2025, and upon information and belief, Defendant, CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., managed a MACK TRUCK vehicle bearing Illinois license plate P1122874.

10. That on January 17, 2025, and upon information and belief, Defendant, CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., controlled a MACK TRUCK vehicle bearing Illinois license plate P1122874.

11. That on January 17, 2025, and upon information and belief, Defendant, NOEL ARMANDO MENA, operated a MACK TRUCK vehicle bearing Illinois license plate P1122874.

12. That on January 17, 2025, and upon information and belief, Defendant, NOEL ARMANDO MENA, maintained a MACK TRUCK vehicle bearing Illinois license plate P1122874.

13. That on January 17, 2025, and upon information and belief, Defendant, NOEL ARMANDO MENA, managed a MACK TRUCK vehicle bearing Illinois license plate P1122874.

14. That on January 17, 2025, and upon information and belief, Defendant, NOEL ARMANDO MENA, controlled a MACK TRUCK vehicle bearing Illinois license plate P1122874.

15. That on January 17, 2025, and upon information and belief, Defendant, NOEL ARMANDO MENA, operated a MACK TRUCK vehicle bearing Illinois license plate P1122874 with the knowledge, permission, and consent of Defendant, CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.

16. That on January 17, 2025, and upon information and belief, Defendant, NOEL ARMANDO MENA, maintained a MACK TRUCK vehicle bearing Illinois license plate P1122874 with the knowledge, permission, and consent of Defendant, CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.

17. That on January 17, 2025, and upon information and belief, Defendant, NOEL ARMANDO MENA, managed a MACK TRUCK vehicle bearing Illinois license plate P1122874 with the knowledge, permission, and consent of Defendant, CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.

18. That on January 17, 2025, and upon information and belief, Defendant, NOEL ARMANDO MENA, controlled a MACK TRUCK vehicle bearing Illinois license plate P1122874 with the knowledge, permission, and consent of Defendant, CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.

19. That on January 17, 2025, and upon information and belief, Defendant, NOEL ARMANDO MENA, was an employee of Defendant, CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.

20. That on January 17, 2025, and upon information and belief, defendant, NOEL ARMANDO MENA, operated the MACK TRUCK vehicle bearing Illinois license plate P1122874 during the

course of his employment with defendant, CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.

21. That on January 17, 2025, and upon information and belief, Defendant, CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., was negligent in hiring Defendant, NOEL ARMANDO MENA.

22. That on January 17, 2025, and upon information and belief, Defendant, CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., was negligent in permitting Defendant, NOEL ARMANDO MENA, to operate the MACK TRUCK vehicle bearing Illinois license plate P1122874.

23. That on January 17, 2025, and upon information and belief, Defendant, CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., was negligent in failing to supervise Defendant, NOEL ARMANDO MENA, while operating the MACK TRUCK vehicle bearing Illinois license plate P1122874.

24. That on January 17, 2025, and upon information and belief, Defendant, CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., was negligent in entrusting the MACK TRUCK vehicle bearing Illinois license plate P1122874 to Defendant, NOEL ARMANDO MENA.

25. That on January 17, 2025, and upon information and belief, Plaintiff, JOSE G. MUNOZ, was the owner of a motor vehicle bearing New York license plate KXB-5185.

26. That on January 17, 2025, and upon information and belief, Plaintiff, JOSE G. MUNOZ, was the operator of a motor vehicle bearing New York license plate KXB-5185.

27. That on January 17, 2025, and upon information and belief, MAJOR DEEGAN EXPRESSWAY at or near intersecting E. 57th STREET, in the County of The Bronx, City and State of New York, was, and still is, a public highway and road used extensively by the general public.

28. That on January 17, 2025, and upon information and belief, Plaintiff, JOSE G. MUNOZ, was the owner and operator of a motor vehicle bearing New York license plate KXB-5185 on MAJOR DEEGAN EXPRESSWAY at or near intersecting E. 57th STREET, in the County of The Bronx, City and State of New York.

29. That on January 17, 2025, and upon information and belief, the aforesaid TRUCK vehicle owned by Defendant, CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., and operated by Defendant, NOEL ARMANDO MENA, came into contact with the aforesaid motor vehicle owned and operated by Plaintiff, JOSE G. MUNOZ, on MAJOR DEEGAN EXPRESSWAY at or near intersecting E. 57th STREET, in the County of The Bronx, City and State of New York.

30. That the incident was due solely to, and caused wholly by, the careless and negligent manner in which Defendants owned, operated, maintained, managed, and controlled their TRUCK vehicle, without Plaintiff in any way contributing thereto.

31. That because of Defendants' carelessness and negligence, Plaintiff was severely injured, bruised, and wounded, and Plaintiff suffered, still suffers, and will continue to suffer for some time, from physical pain and bodily injuries, and became sick, sore, lame, and disabled, and so remained for a considerable length of time.

32. That because of Defendants' carelessness and negligence, Plaintiff was compelled to seek, and did necessarily require, medical treatment and medicine, and did necessarily pay for, and/or become liable for, the cost of that medical treatment and medicine, and upon information and belief Plaintiff will necessarily incur similar expenses in the future.

33. That because of Defendants' carelessness and negligence, Plaintiff has been unable to attend to his usual occupation in the manner required.

34. That because of Defendants' carelessness and negligence, Plaintiff has sustained serious injuries as defined in Section 5102(d) of the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as defined in Section 5102 of the Insurance Law of the State of New York.

35. That one or more of the exceptions found in Section 1602 of the Civil Practice Law and Rules apply to this action.

36. That because of Defendants' carelessness and negligence, Plaintiff sustained damages in an amount that exceeds the jurisdictional limits of all lower Courts.

**WHEREFORE**, Plaintiff, JOSE G. MUNOZ, demands judgment against Defendants in an amount exceeding the jurisdictional limits of the lower courts, all together with the costs and disbursements of the action.

Dated: Rosedale, New York
May 5, 2025

YAKOV MUSHIYEV & ASSOCIATES, P.C.

YAKOV MUSHIYEV, ESQ.
One Cross Island Plaza – Suite 325
Rosedale, New York 11422
718.775.3110
Our File No.: YM-25-009

*Attorneys for Plaintiff*

## ATTORNEY VERIFICATION

YAKOV MUSHIYEV, an attorney admitted to practice law before the Courts of the State of New York, and associated with YAKOV MUSHIYEV & ASSOCIATES, P.C., attorneys for Plaintiff, JOSE G. MUNOZ, hereby affirms the following under penalties of perjury pursuant to CPLR § 2106:

I have read this SUMMONS and COMPLAINT and its contents are true to my own knowledge, except as to those matters which are stated to be upon information and belief, and as to those matters, I believe them to be true.

The information contained in this SUMMONS and COMPLAINT was obtained by reviewing Plaintiff's case file.

That the reason this Verification is made by your Affirmant and not by Plaintiff is that Plaintiff is not currently within Queens County, where YAKOV MUSHIYEV & ASSOCIATES, P.C. maintains its office.

Dated: Rosedale, New York
May 5, 2025

YAKOV MUSHIYEV & ASSOCIATES, P.C.

YAKOV MUSHIYEV, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------------x
JOSE G. MUNOZ

Plaintiff/Petitioner,

- against -

Index No. 810211/2025E

CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., and NOEL ARMANDO MENA

Defendant/Respondent.
---------------------------------------------------------------------x

**NOTICE OF ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically
  - free access to view and print your e-filed documents
  - limiting your number of trips to the courthouse
  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: May 8, 2025

Yakov Mushiyev, Esq.
Name
Yakov Mushiyev & Associates, P.C.
Firm Name

One Cross Island Plaza, Suite 325
Address
Rosedale, New York 11422

718-775-3110
Phone

Yakov@mushiyevlaw.com
E-Mail

To: ______________________

______________________

______________________

Index No.: 810211/2025E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

JOSE G. MUNOZ,

Plaintiff,

-against-

CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., and NOEL ARMANDO MENA,

Defendants.

---

**SUMMONS & VERIFIED COMPLAINT**

---

YAKOV MUSHIYEV & ASSOCIATES, P.C.
One Cross Island Plaza – Suite 325
Rosedale, New York 11422
718.775.3110
Our File No.: YM-25-009

*Attorneys for Plaintiff*